Sibley, J.
This was an action in the Vinton county common pleas, by Eva L. Rush, to recover damages for the alleged wrongful action of the board of education of Clinton township, in preventing her from teaching a certain school which it was averred that she had been employed to teach. On issues made by an answer filed, the case was tried to the court, with finding and judgment for the defendant. To reverse these, error is prosecuted here.
The record upon which the case is presented to us consists of separate findings of fact, in the common pleas, and conclusions of law therefrom. They are as follows:
“First — That on August 15, 1898, and during said year 1898, the board of education of Clinton township, Vinton county, Ohio, consisted of five members and the clerk of said township,
“Second' — 'That the plaintiff, Eva L. Rush was on the--day of June, 1898, elected by the subdirectors of subdistrict No. 6, of said Clinton township, to teach the school in said subdistrict for the term of twenty-four weeks; that said election was certified to said township board on June 21, 1898; said township board rejected said action of said sub-directors in electing plaintiff as such teacher, and refused to confirm said election of said plaintiff.
“Third — That on August 6, 1898, said subdirectors of said subdistrict No. 6 re-elected said plaintiff as teacher for said subdistrict for the term of twenty-four weeks to commence September 5, 1898: that said election as teacher was duly certified to said township board of education; that on August 15, 1898, at a regular meeting of said township board of education, said board acted on said certificate of *363 said election as shown by the records of said board, to-wit:
‘Minutes of previous meeting read and approved, after which the certificate of teacher in District No. 6, Miss Eva Bush, was presented to the board for approval. Moved by Wortman and seconded by Nutt, that the board confirm the action of the sub-directors in District No. 6; the roll being called,the result was as-follows: Nutt voting, yes; Wortman, yes; Hall, No; Kirkendoll,No. The vote being a tie, the clerk cast his vote to confirm the action of the subdirectors in hiring Eva Bush as teacher for the term of twenty-four weeks.
‘G. W. Cooley was employed, and J. T. Ogier received $15.50.
‘After the above business was disposed of, George Potts, a member of the board from District No. 7, put in an appearance. Thereupon D. B. Hall made a motion to allow Potts to vote on motion to confirm the eleotion of the directors in District No. 6. The president refused to consider the motion on the ground that the motion referred to had been disposed of. Motion by Hall to reconsider the vote taken on the election of teacher in District No.— The president refused to put said motion. Moved by Hall that Emma Depue be hired to teach school in District No. 6, and ordered roll called.
‘The vote was as follows: Nutt, No; Wortman, No; Hall yes; Kirkendoll, yes Potts, yes.’
“Fourth — That the clerk of said board, after said August 15, 1898, meeting, gave to said plaintiff a certificate of her election as teacher of said school for twenty-four weeks commencing September 5, 1898.
“Fifth — -That the said plaintiff, after the refusal of said township board to permit her to teach said school as averred in the petition, the plaintiff was unable to obtain employment at her usual occupation of school teaching, but during the succeeding six months was without employment, after effort to obtain it.’’
And, as conclusions of law, from the foregoing facts the court finds:
“First- — That a majority of all the members of said board did not vote to confirm the hiring of said Eva L. Rush as required by statute.
“Second — -The clerk of said board had no right nor power to cast a deciding vote at said election, as he assumed to do.
“Third — That plaintiff was not legally employed to teach said school, and is not entitled to recover.’’
Thers is no error apparent in this record. But for the fact that the action of the board was on a motion to “confirm’’ a teacher, instead of directly, and in form, to employ one, it would not present a debatable question. The ex *364 plicit requirement of section 3982, Revised Statutes, is that “upon a motion to * * * employ a superintendent, teacher, janitor, or other employe * * * the clerk of the board shall call publicly the roll of all the members composing the board and enter on the record required to be kept the names of those voting “aye,” and the names of those voting “no;” if a majority of all the members of the board vote “aye,” the president shall declare the motion carried.” Obviously, though the statute does not so in words say, if there is not a majority voting aye, the motion should be declared lost, for that is its unquestionable effect.
The record discloses that this board of education consisted of five directors, to which is to be added the clerk, (section 3915, Revised Stautes), he having no vote, however, “except in cases of a tie.” Now, what was done? Four directors were present On motion to confirm the plaintiff’s election, two voted “yes,” two “no.” There being a tie, the clerk also voted “yes”. Such are the facts. Do they show the plaintiff’s legal employment? We think not. The situation in which she is placed, is this: Of the five directors she got but two votes, which it must be admitted would not confirm. But if the clerk could vote, he also is to be counted as one of the board. That would make its number six, of which, with him, she had only three, thus leaving her still without the “majority of all,” which the statute requires.
The one question left then is, whether the statute of March 11, 1898, 93 O. L., 45-49, will avoid that result. By this act, section 3918, Revised Statutes, which had been repealed in 1898, 90 O. L,, 76, was re-enacted, and authority thereby conferred upon boards of subdirectors to “meet as frequently as they deem necessary for the purpose of electing teachers.” Section 4017, Revised Statutes, is amended also,so as to provide: “And, in township districts divided into subdistricts, the board of subdirectors shall elect the teachers in their respective subdistricts, but such election shall be subject to confirmation by a majority of the board of education. * * * If the board of education fails to confirm the teacher elected by any board of subdirectors, such board of subdirectors shall elect another teacher before the next regular meeting of the board of *365 education; if the board of directors fail to elect a teacher for their school, or if the board of education shall fail to confirm such election on or before the third Monday in August of any year, the board of education shall then employ a teacher for such subdistrict.”
Cherry & Holland, for Plaintiff.
J. M. McGillivray, contra.
Without deciding the point as to the power of the subdirectors to re-elect a teacher who had just been rejected by the board,as was done here — though inclined to think it well made — we rest the case upon the proposition that under section 4017, Revised Statutes, the rule as to the vote requisite to “confirm” the election of a teacher, is the same as for one’s employment. Both are provided for, and section 3982, Revised Statutes, is” left unaffected. However, to make it clear, “a majority of the board of education” is expressly required for “confirmation. ” But going down to the last clause, relating to employment by the board;! no rule is given. It, therefore, must be under section 3982, Revised Statutes. Quite clearly, as it seems to us, the vote requisite to confirm an election, and that necessary to employ, is the same. In the latter case, a “majority of all the members of the board,” is the form in which the requirement is stated; while for the former, “a majority of the board of education” is demanded. That these are equivalent expressions, in the rule which they establish,, hardly can be questioned. The “confirmation” to which an election of one as teacher is “subject,” really constitutes the employment; inasmuch as it leaves the determination of whom the teachers in the subdistricts shall be, to the township board. Hence no reason appears for a different policy in the law as to confirming from that provided when the township board itself elects; and none is evidenced by the later provision. Our unhesitating conclusion, then is, that the judgment below should be affirmed.